# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO:  1:18-CR-230 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DAN A. POLSTER |
| -vs- | : | |
| | : | **DEFENDANT CARL JOHNSON'S** |
| CARL JOHNSON | : | **SENTENCING MEMORANDUM** |
| | : | |
| Defendant. | : | |

Defendant Carl Johnson, through counsel, respectfully submits the instant sentencing memorandum to support his request for a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing under to Title 18, United States Code §§ 3553(a) and 3661.

Respectfully submitted,

STEPHEN NEWMAN
Federal Public Defender

*/s/Darin Thompson*
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
*/s/ Cathi Adinaro*
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 West Second Street, #750
Cleveland, OH 44113
(216) 522-4856   Fax:(216) 522-4321
E-mail: darin_thompson@fd.org
E-mail: cathi_adinaro@fd.org

## **MEMORANDUM**

### I. Introduction

In July 2018, a superseding indictment was filed charging Carl Johnson with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); one count of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(C); and one count of possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). (R. 11). Subsequently, Mr. Johnson pled guilty to the Indictment without a plea agreement. (R. 15).

In preparation for sentencing, a presentence investigation report ("PSR") was prepared and calculates Mr. Johnson's advisory guidelines range at 262-to-327. (R. 17: PSR, ¶ 81). Mr. Johnson does not dispute the accuracy of this advisory. However, for the reasons discussed below and those reasons which will be articulated orally at sentencing, the advisory range is far greater than necessary to achieve the goals of sentencing.

### II. A Sentence That Is Sufficient But Not Greater Than Necessary

Mr. Johnson requests this Court consider the following factors when imposing the *lowest* sentence necessary to achieve the four statutory purposes of sentencing: justice, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2); *Kimbrough*, 552 U.S. at 101.

Mr. Johnson's career offender guidelines range is longer than necessary to achieve the goals of sentencing. Without the career offender classification, Mr. Johnson's guidelines range is 37-to-46 months, plus 60 months consecutive. This results in a total sentencing range of 97 to 106 months. (R. 17: PSR, ¶¶ 28, 30, 31, 49). His career offender range is 262-to-327 months, more than two-and-a-half times his natural guidelines range.

While Mr. Johnson does not make light of his criminal history, he respectfully requests this Court consider the age of his convictions. His 2001 drug trafficking conviction, which is being

used as a career offender predicate, is 18 years old. (R. 17: PSR, ¶ 38). While the sentence was imposed more than 15 years ago, he was released from custody on May 26, 2003 – within the 15 year time limitation under U.S.S.G. § 4A1.1. He has remained out of trouble in recent years. His lasts conviction was in 2014 for driving on a suspended license. (R. 17: PSR, ¶ 46). He request this Court to consider the age of this convictions in determining what sentence is appropriate.

Additionally, Mr. Johnson asks this court to consider the circumstances that caused Mr. Johnson to initially obtain a firearm. In 2014, Mr. Johnson's home was burglarized. He filed a police report and identified the man responsible. This individual has since tried to harm Mr. Johnson. (R. 17: PSR, ¶ 65). In addition to being chased, Mr. Johnson's home was shot. Mr. Johnson has reason to believe the man who burglarized his home was also responsible for firing a weapon into his house. Mr. Johnson had a credible fear for his life and believed he needed to have a gun to protect himself and his family. Although Mr. Johnson possessed the firearm in furtherance of drug trafficking, his primary reason for having the firearm was because he feared for his life.

Mr. Johnson is 39 years old and is trying to turn his life around but his drug addiction keeps getting in his way. He has a long history of drug abuse and has attempted drug treatment without much success. He was able to maintain a year of sobriety around 2013/2014 but relapsed when his grandmother passed away. Mr. Johnson is asking for help to break his addiction. He is interested in drug treatment and counseling. (R. 17: PSR, ¶ 69-71, 74). If he can address his addiction, Mr. Johnson believes he will be successful in turning his life around. He wants to receive vocational training on carpentry and is not afraid of hard work. He has a history of employment, working mainly as a dishwasher in recent years.

Mr. Johnson's term of incarceration will be particularly hard on his brother, Donte. Mr. Johnson, and his fiancé, Jazmon, are the primary caregivers for Donte. Mr. Johnson's incarceration will have a direct impact on Donte's care. (Exh. A: Letter of Support). Donte is deaf and mostly illiterate. He relies on Mr. Johnson to assist him getting through day-to-day life. This "specific loss of essential caretaking" to Donte is a basis for variance below the guidelines range. See U.S.S.G. § 5H1.6, Application Note B.



Mr. Johnson recognizes that he needs help to succeed. He is ready to ask for the help he needs. He asks this Court to recommend the reentry program upon his release. This program will provide him with the additional help he needs to remain sober and find gainful employment. Mr. Johnson "is a strong, loving, caring, smart man who just need[s] a little push in the right direction." (Exh. A). The Court need not impose a sentencing within the career offender range to give Mr. Johnson that "little push." A sentence closer to his natural guidelines range will still be lengthy and will achieve the goals of sentencing. Moreover, the required term of supervision will allow this Court to ensure he remains on the right path.

### III. Conclusion

Mr. Johnson respectfully requests the Court impose a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing, as required by 18 U.S.C. § 3553(a).

          Respectfully submitted,

          STEPHEN NEWMAN
          Federal Public Defender

          */s/Darin Thompson*
          DARIN THOMPSON
          Assistant Federal Public Defender
          Ohio Bar: 0067093
          */s/ Cathi Adinaro*
          Attorney at Law
          Ohio Bar: 0088731
          Office of the Federal Public Defender
          1660 West Second Street, #750
          Cleveland, OH 44113
          (216) 522-4856   Fax:(216) 522-4321
          E-mail: darin_thompson@fd.org
          E-mail: cathi_adinaro@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.

          Respectfully submitted,

          */s/Darin Thompson*
          DARIN THOMPSON
          Assistant Federal Public Defender
          Ohio Bar: 0067093