IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:18-cr-00230 |
| ) | |
| v. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **CARL JOHNSON,** ) | |
| ) | |
| Defendant. ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Carl Johnson's Motion for Compassionate Release. ECF Doc. 52. For the following reasons, Johnson's Motion is **DENIED**.

### I. Background

On July 17, 2018, Johnson was charged in a superseding indictment with four felony counts: two counts of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) [Counts 1 and 2]; one count of Possession with Intent Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) [Count 3]; and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Count 4]. ECF Doc. 10. On March 5, 2019, the Government filed an Information Regarding a Prior Conviction to provide notice that the Government planned to use Johnson's 2001 and 2006 drug trafficking convictions as predicate felony drug offenses to seek an enhanced penalty for Count 3. ECF Doc. 14.

Johnson pleaded guilty to the superseding indictment on April 8, 2019 (ECF Doc. 31), and the Court subsequently sentenced Johnson to an aggregate 180 months of incarceration and to six

years of supervised released (ECF Doc. 20, 21, 34[1]). Johnson's prior convictions made him eligible for Career Offender status, and his sentencing guideline range was 262 to 327 months' incarceration. ECF Doc. 17. However, the Court determined that a downward departure was appropriate because: (1) the Government's requested sentence of twenty-two years was nearly five-and-a-half times longer than Johnson's prior four-year prison sentence; and (2) Johnson's predicate felony drug offense was only fifteen days shy of falling outside of the statutory lookback window. ECF Doc. 22, 27. Accordingly, the Court imposed a concurrent 120-month sentence on Counts 1, 2, and 3, and a consecutive 60-month sentence on Count 4 for the aggregate incarceration term of 180 months. ECF Doc. 20, 21, 34. Johnson is presently incarcerated at McDowell Federal Correctional Institute ("McDowell FCI") and has an expected release date of February 20, 2031.[2]

On August 4, 2021, Johnson moved this Court for compassionate release due to COVID-19 health circumstances. ECF Doc. 52. In December 2020, Johnson was diagnosed with COVID-19, and he eventually recovered from the virus. ECF Doc. 52-2 at 18, 31. Shortly after receiving the first dose of the Pfizer vaccine on January 21, 2021, Johnson suffered an onset of Bell's palsy[3] that caused partial facial paralysis, slurred and stuttered speech, ear pain, and eye pain and dryness. ECF Doc. 52 at 10; ECF Doc. 52-2 at 15, 41. While the Bureau of Prison's medical staff noted that the Bell's palsy episode could possibly be an adverse side effect to the Pfizer vaccine, Johnson was still advised to take the second dose. ECF Doc. 52-2 at 12, 17, 39. However, Johnson

---

[1] Johnson filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his trial attorney failed to file timely a Notice of Appeal on Johnson's behalf. ECF Doc. 28. Following full briefing and an evidentiary hearing on October 15, 2020, the Court granted Johnson's motion and vacated the sentence to allow him time to file a Notice of Appeal with new assigned counsel. ECF Minutes & Order, Oct. 15, 2020; ECF Doc. 34. However, the Court also reimposed the same sentence with credit for time served under the original judgment. *Id.*

[2] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed September 14, 2021).

[3] Bell's palsy is a medical condition that causes temporary weakness or paralysis of the muscles in the face. *See Bell's Palsy*, Johns Hopkins Medicine, https://www.hopkinsmedicine.org/health/conditions-and-diseases/bells-palsy (last visited Sept. 14, 2021).

refused the second vaccine dose and now seeks early release to avoid potential complications caused by COVID-19 and the Delta variant. ECF Doc. 52 at 11. The Government opposes Johnson's motion and filed its response brief on August 26, 2021. ECF Doc. 56.

II. **Discussion**[4]

Compassionate release is authorized by 18 U.S.C. § 3582(c)(1). When a defendant is younger than seventy years old and has served less than thirty years in prison, two requirements must be met: first, there must exist "extraordinary and compelling reasons" to warrant a sentence modification; and, second, the sentence reduction must be appropriate considering the Section 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c).

### A. Extraordinary and Compelling Reasons

Upon a motion for compassionate release due to COVID-19 health circumstances, the Court requires a two-part showing by the defendant to establish "extraordinary and compelling reasons" for the requested sentence reduction: (1) the defendant must be at high risk of having complications from COVID-19; and (2) the defendant's detention facility must be having a severe COVID-19 outbreak. *United States v. Troutman*, No. 1:11-cr-00472, 2021 WL 1345285, *1 (N.D. Ohio Apr. 12, 2021); *see also United States v. Elias*, 984 F.3d 516, 519-21 (6th Cir. 2021) (reaffirming that district courts have the discretion to define "extraordinary and compelling reasons" and approving of this Court's use of the two-part test for COVID-19 compassionate release motions).

Under the first prong of the analysis, the Court is not confident that Johnson has a high risk of complications from COVID-19. As an initial matter, Johnson has already contracted COVID-

---

[4] Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement. In the present case, there is no dispute that Johnson fully exhausted his administrative remedies before filing the instant motion with the Court. *See* ECF Doc. 56 at 4 n.2. Therefore, the Court moves directly to the merits.

19 while incarcerated at McDowell FCI, and he was fortunate to recover fully from the virus. ECF Doc. 52-2 at 18, 31. Moreover, while Johnson's onset of Bell's palsy occurred after he recovered from COVID-19, there is no medical evidence to suggest that Johnson's new history with Bell's palsy would lead to a severe reaction should Johnson contract COVID-19 for a second time. Rather, the Center for Disease Control ("CDC") has created a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make individuals "more likely to get severely ill from COVID-19," and Bell's palsy is not on the CDC's risk factors list.[5] *See Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). Finally, the Court notes that Johnson has received one dose of the Pfizer vaccine, and recent medical data indicates that a single vaccine shot is sufficient to protect individuals who have previously been infected with COVID-19 from serious complications during any potential reinfection.[6] Taken together, Johnson's medical history seemingly establishes that his has a decreased risk of developing a severe COVID-19 reinfection.

Even if Johnson could establish an increased risk of COVID-19 complications, the second prong of the analysis confirms that the instant motion must be denied because McDowell FCI is not experiencing a severe COVID-19 outbreak. At present, only two staff members at McDowell FCI have active COVID-19 infections, and none of the inmates are presently infected.[7] Therefore, Johnson fails to satisfy the second prong of the "extraordinary and compelling reasons" test.

---

[5] Centers for Disease Control & Prevention, *People with Certain medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Sept. 14, 2021).

[6] *See* Mark Anderson, et al., *SARS-CoV-2 Antibody Responses in Infection-Naive or Previously Infected Individuals After 1 and 2 Doses of the BNT162b2 Vaccine*, JAMA Network Open, Aug. 6, 2021, https://jamanetwork.com/journals/jamanetworkopen/fullarticle/2782762.

[7] *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Sept. 14, 2021).

While the Court is sympathetic to Johnson's medical condition and his fear of severe reinfection, he has not articulated any "extraordinary and compelling reasons" to warrant a sentence modification. Rather, Johnson has at least some level of immunity to the virus, and a generalized fear of the pandemic alone is not enough to authorize the Court to grant compassionate release. *See Elias*, 984 F.3d at 521 (recognizing that the "mere existence of COVID-19 in society" is not a basis for compassionate release (internal citations and quotation marks omitted)).

### B.  18 U.S.C. § 3553(a) Factors

Even if Johnson had established an "extraordinary and compelling reason" for a sentence reduction, application of the Section 3553(a) factors further establishes that compassionate release is inappropriate. The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Johnson was most recently sentenced to 180 months in prison on October 16, 2020, after pleading guilty to serious drug and firearm offenses, and he presently has over nine years remaining on his sentence.[8] ECF Docs. 31, 34; *see also See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Moreover, Johnson has demonstrated a clear pattern of recidivism, given that he has two prior drug trafficking

---

[8] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed September 14, 2021).

convictions and that he qualified for Career Offender status when being sentenced on the underlying convictions. *See United States v. Relliford*, No. 20-3868, 2021 WL 3671157, *1 (6th Cir. Feb. 22, 2021) (holding that the district court properly considered the Section 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). Of note, the Court already granted Johnson a significant downward departure after considering the length of time that had elapsed since Johnson's prior convictions, such that the Court is reluctant to shorten Johnson's sentence further. While the Court applauds Johnson for taking educational and rehabilitation courses while incarcerated (*see* ECF Doc. 52 at 11-12), the serious nature of his offenses cannot be overlooked, particularly considering both the time remaining on Johnson's sentence and Johnson's long criminal history (*see* ECF Doc. 20). For these reasons, the Section 3553(a) factors weigh against granting Johnson's Motion for Compassionate Release.

### III. Conclusion

For the above reasons, Defendant Carl Johnson's Motion for Compassionate Release (ECF Doc. 52) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster September 15, 2021*
**Dan Aaron Polster**
**United States District Judge**